UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JUAN LONDONO,

                        Plaintiff,

                                                               **ORDER**
      -against-                                        22-CV-4064-NRM-SJB

AMERICAN EXPRESS COMPANY,
EXPERIAN INFORMATION SOLUTIONS, INC.,

                        Defendants.
-----------------------------------------------------------------X

**BULSARA, United States Magistrate Judge:**

      The parties have filed a series of letters that violate this Court's Individual Practices, and importantly, misapprehend basic principles of the Federal Rules of Civil Procedure. Defendant Experian has filed a letter discovery motion—citing no case law or other authority—asking the Court to order that two noticed depositions not proceed. Any discovery motion filed with this Court requires a certification of a meet and confer with opposing counsel—the Federal Rules, the Local Rules, and the Court's Individual Practices all contain the requirement. Fed. R. Civ. P. 37(a)(1); Local Civ. R. 26.4; Individual Practices of Magistrate Judge Sanket J. Bulsara, IV.B. No certification is provided, and the letters reflect that the parties have been talking past each other rather than attempting to amicably resolve issues. The motion attempts to shield two non-parties from deposition; yet, the letter indicates that Experian has not decided whether to represent the non-parties. As such, it has no ability to move to preclude their depositions.

      But Plaintiff's response is equally problematic. Plaintiff attempts to require Experian to represent the non-parties for deposition, under the theory that the

individuals are "managing agents." Failure of a managing agent to appear for a noticed deposition is sanctionable, because a managing agent deposition is considered the equivalent of a party deposition. *See* Fed. R. Civ. P. 37(d)(1)(A)(i). (Or because the managing agent was designated pursuant to a Rule 30(b)(6) deposition, which is not the case here). Other than asserting that the employees have percipient critical knowledge, there are no facts from which to infer that dispute operators are "managing agents." A corporation has no obligation to represent an employee during a deposition, and certainly is not required to upon the insistence of opposing counsel that the person is a managing agent. So while doubts about an employee's status are to be resolved in favor of the party seeking the deposition, there must be *some* showing based in fact that the person so qualifies. *United States v. Afram Lines (USA), Ltd.*, 159 F.R.D. 408, 413 (S.D.N.Y. 1994) ("[T]he examining party has the burden of providing enough evidence to show that there is at least a close question whether the proposed deponent is a managing agent."). Here there was none. (An out-of-circuit case that fails to grapple with the non-party status of the witness does not do the job). Moreover, if the employees are non-parties, a subpoena—not notice—is required to compel their presence, *see* 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2460 (3d ed. 2022) ("A subpoena is required to compel the attendance of a nonparty witness[.]"), and geographic and other limitations apply to subpoenas under Rule 45.

Moreover, since Experian indicated that it has chosen, as of yet, not to represent the individuals, and given their non-party status, Plaintiff could not proceed merely by serving the deposition notices on Experian. For one thing, the deposition notices must be served upon the unrepresented non-parties personally. There is no indication that such service was ever attempted, let alone accomplished, since Plaintiff appears to have

2

sent the deposition notices to Experian's counsel who, as noted, does not represent the individuals. For another thing, the individuals—by Plaintiff's own admission—are located abroad, and absent consent of counsel, service must be accomplished through the Hague Convention, Letters Rogatory, or similar device. *Afram Lines*, 159 F.R.D. at 413 ("[A] corporate employee or agent who does not qualify as an officer, director, or managing agent is not subject to deposition by notice. Such a witness must be subpoenaed pursuant to Rule 45 of the Federal Rules of Civil Procedure, or, if the witness is overseas, the procedures of the Hague Convention or other applicable treaty must be utilized." (citation omitted)). (Because the depositions are Rule 30(b)(1), not Rule 30(b)(6) depositions, service on Experian is insufficient). If Experian intends to use these witnesses at trial, there is good reason to forgo these hurdles, but as noted, it has not agreed to represent the individuals. To be clear, it cannot agree to produce current employees for deposition and then later refuse to produce them for deposition. *PrecisionFlow Techs., Inc. v. CVD Equip. Corp.*, 198 F.R.D. 33, 37–38 (N.D.N.Y. 2000) ("[S]anctions may be imposed upon a party or its counsel under Rule 37(d) for the nonappearance of a witness who is not an officer, director or managing agent or had been designate[d] as a representative of a party for any other purpose if the party assumed responsibility for the appearance of the witness at the deposition."), *aff'd*, 140 F. Supp. 2d 195 (2001).

In sum, neither side has thought through any of the relevant issues; instead, they have both brought their mutual acrimony to the Court by reflexively filing letters. A plague on both your houses often results in these situations. This case is no different. The relief sought in both parties' respective letters is denied. The parties must conduct a video or in-person meet and confer in this case before any additional depositions

3

proceed, and such meeting should take place no later than close of business **Thursday, January 26**.  A certification that such meeting has taken place should be filed on the docket by **Friday, January 27**.

                                          SO ORDERED.

                                          /s/ *Sanket J. Bulsara*  January 24, 2023
                                          SANKET J. BULSARA
                                          United States Magistrate Judge

Brooklyn, New York